UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------X
HUI QIN WANG,

                              Plaintiff,                      <u>ORDER</u>

        -against-                                CV 11-5637 (LDW) (ETB)

JIAN PING YAO and DULA MAN,

                              Defendants.
----------------------------------------------------------------X

      This is a single plaintiff FLSA action (alleged overtime violations) wherein plaintiff Hui Qin Wang claims damages arising from her work as a housekeeper and nanny in the household of defendants Jian Ping Yao and Dula Man.

      Plaintiff must make an adequate showing of "good cause" as required pursuant to Fed. R. Civ. P. 26(b)(1) to support disclosure of "any matter relevant to the subject matter involved in the action." This is the premise for plaintiff's renewed request for metadata containing the original computer file relating to defendants' records of hours worked by the plaintiff.

      The Court initially denied this request following defendants' objection on the ground that such production was potentially "unreasonable, cumulative or duplicative." <u>See</u> Fed. R. Civ. P. 26(b)(2)(C)(i). Leave was granted to renew at the end of deposition discovery, in the hope that deposition questions would either bolster any renewed request, or alternatively, provide additional information making renewal unnecessary. Apparently depositions have achieved neither end.

      The facts in this letter motion are as follows: the time records were recorded in Chinese script handwritten by one of the defendant employers, who used what is described by the parties

-1-

as a "planner." Chinese appears to be the native language of the parties. Following the commencement of this action, one of the defendants transcribed this original record on a computer in English using Microsoft Word. This document has been produced by the defendants at plaintiff's request; document Bates-stamped J00001 through J00101. This production is consistent with the defendants' obligation to produce in response to document requests any English translations of foreign language documents "to the extent [they] have custody or control" over said translations. Nature's Plus Nordic A/S v. Natural Organics, Inc., 274 F.R.D. 437, 440 (E.D.N.Y. 2011). Later, pursuant to a separate request, the defendants produced a copy of the original "planner" from which the Word document reportedly was prepared. On this renewed application, plaintiff again requests the metadata[1] related to the English translation Word document (J00001 – J00101) previously produced.

Plaintiff's expressed reason for the renewed application is two-fold: (1) to determine if the Word documents "were... created after commencement of the litigation;" and if so, (2) whether "Plaintiff's hours were changed after Plaintiff made her requests." Correspondence by plaintiff's counsel, John Troy, dated May 1, 2013 at 1.

The defendants oppose the application on the ground that production would be needlessly "cumulative or duplicative" (Fed. R. Civ. P. 26(b)(2)(C)(i)) given the fact that these records have already been produced in the original "planner" format handwritten in Chinese, and in the

---

[1] Metadata "describes a particular characteristic or property about a computer drive, folder, or email." Anne Kershaw & Joe Howie, Judges' Guide to Cost-Effective E-Discovery 6 (eDiscovery Institute 2010). It could include such items as the file location and size. Id. "Email metadata could include... the From, To, CC, Date Sent and Subject Data." Id. Metadata is also "used to refer to information stored in a file that may be displayed only when the file is displayed in a particular way." Id. Such additional data may contain "a history of how the document or content was revised and by whom." Id.

English translation Word document.  Addressing plaintiff's first point, defendants freely acknowledge that the Word document was prepared after commencement of this action.  This timing would appear to be reasonable not only to provide defendants' counsel with relevant information, but also for production to plaintiff in comprehensible form during discovery.

Addressing the second prong of plaintiff's request for the metadata the defendants assert that since the original hard copy "planner" is the seminal document for purposes of evidence, any change reflected by the recreated Word document would not trump the original record from which it was prepared.

In order to sustain a request for disclosure relevant to "the subject matter involved in the action," as distinct from disclosure relevant to a "claim or defense," the movant must make an adequate showing of "good cause."  Fed. R. Civ. P. 26(b)(1).  This is recognized by the plaintiff.  See Correspondence of John Troy dated May 1, 2013, at 1.  Since the metadata sought in the present context falls into the category of impeachment disclosure, it is considered in the former category and a showing of "good cause" is required.  See, e.g. Dzanis v. JP Morgan Chase & Co., No. 10 Civ. 3384, 2011 U.S. Dist. LEXIS 137356, at *18 (S.D.N.Y. Nov. 30, 2011) (party seeking impeachment disclosure must make a showing of "good cause"); CSI Inv. Partners II, L.P. v. Cendant Corp., No. 00 Civ. 1422, 2006 WL 1524591 (S.D.N.Y. May 31, 2006) (same).

The plaintiff has failed to make such a showing.  The defendant has persuasively addressed the reasons that plaintiff expressed for seeking this information.  Since there is no dispute that the original "planner" handwritten notes are controlling as to any discrepancy, and no question that the Word document Bates-stamped J00001 – J00101 was created after commencement of this action, production of the requested metadata would appear to be

unnecessary. Fed. R. Civ. P. 26(b)(2)(C)(i); see, e.g. In re Malev Hungarian Airlines v. United Tech. Internat'l Inc., 964 F.2d 97, 102 (2d Cir. 1992) ("the district court retains broad authority... to limit discovery where... the discovery sought is unreasonably cumulative or duplicative, or is obtainable from some other source that is more convenient, less burdensome, or less expensive...") (internal quotation omitted); Bellinger v. Astrue, No. 06 Civ. 321, 2009 U.S. Dist. LEXIS 71727, at *13 n. 4 (E.D.N.Y. Aug. 14, 2009) (holding that a request for disclosure should not be sustained where the information sought by a party in discovery can be or has already been obtained through "some other source that is more convenient, less burdensome, or less expensive").

For the foregoing reasons, plaintiff's renewed motion to compel the production of metadata is denied.

**SO ORDERED:**

Dated: Central Islip, New York
       May 17, 2013

                                            /s/ E. Thomas Boyle
                                            E. THOMAS BOYLE
                                            United States Magistrate Judge